UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:16CR123 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| CHIQUITA ANDERSON, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the *pro se* motion of defendant Chiquita Anderson ("Anderson") to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. (Doc. No. 186 ["Mot."].) Respondent United States of America (the "government") opposes the motion. (Doc. No. 189 ["Opp'n"]), and Anderson has filed a reply. (Doc. No. 192 ["Reply"].) For the reasons that follow, Anderson's motion is DENIED.

**I.     BACKGROUND**

On April 20, 2016, the government returned an indictment against Anderson and two other individuals, charging the trio with participation in a drug trafficking organization. Specifically, the indictment charged Anderson with conspiracy to possess with intent to distribute and to distribute a mixture and substance containing a detectable amount of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). She was also charged with maintaining a drug-involved premises, in violation of 21 U.S.C. § 856(a)(2), and using a communication facility to facilitate acts constituting a felony, under 21 U.S.C. §§ 846 and 841(a). (Doc. No. 1 (Indictment).)

All three defendants proceeded to trial. After an eight-day jury trial, the jury returned guilty verdicts against each defendant. Anderson, in particular, was found guilty on all three charged counts. (Doc. No. 80 (Jury Verdicts).) At the sentencing hearing on June 22, 2017 and after taking into account Anderson's degree of involvement in the enterprise, the Court varied below the advisory sentencing guidelines range and sentenced Anderson to a term of imprisonment of 108 months. (Doc. No. 162 (Sentencing Hearing Transcript ["Sen. TR"]) at 2897-98; Doc. No. 137 (Judgment).)[1]

Anderson took a direct appeal from the Court's judgment. On appeal, Anderson challenged the sufficiency of the evidence, the Court's drug quantity determination, and the reasonableness of her sentence. On November 1, 2018, the Sixth Circuit affirmed her conviction and sentence. *See United States v. Fitzgerald*, 754 F. App'x 351, 354 (6th Cir. 2018). The Sixth Circuit issued its mandate on November 28, 2018 (*see* Doc. No. 180 (Mandate)), and, on July 9, 2019, Anderson timely filed the present motion to vacate. In her motion, Anderson raises two claims. First, she maintains, without any elaboration, that she "was deprived of her due process right to a jury of her peers, this is a '*Batson*' claim." (Mot. at 3224.) Second, she posits, with equal brevity, that the "[j]ury instructions were unclear as to the determination of the 'conspiracy' count." (*Id.*)

---

[1] With a base offense level of 38, and a Criminal History Category II, Anderson's advisory sentencing guidelines range was 135-168 months. (*Id.* at 2884.)

## II. STANDARD OF REVIEW

A federal prisoner may attack the validity of his sentence by filing a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 in the district court where he was sentenced. Section 2255 sets forth four grounds upon which a federal prisoner may state a claim for relief: "[1] the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] [the sentence] is otherwise subject to collateral attack[.]" 28 U.S.C. § 2255(a).

In order to obtain collateral relief under § 2255, a petitioner must clear a significantly higher hurdle than would exist on direct appeal. *United States v. Frady*, 456 U.S. 152, 166, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982). A petitioner is procedurally barred from raising claims in a § 2255 motion of even constitutional or jurisdictional magnitude to which no contemporaneous objection was made or which were not presented on direct appeal. *Frady*, 456 U.S. at 167-68; *see Bousley v. United States*, 523 U.S. 614, 621, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998); *Peveler v. United States*, 269 F.3d 693, 698 (6th Cir. 2001). "In the case where the defendant has failed to assert his claims on direct appeal and thus has procedurally defaulted, in order to raise them in a § 2255 motion he also must show either that (1) he had good cause for his failure to raise such arguments and he would suffer prejudice if unable to proceed, or (2) he is actually innocent." *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003); *see Bousley*, 523 U.S. at 622 (collecting cases).

A court should hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief[.]" 28 U.S.C. § 2255(b). Thus, "no hearing is required if the petitioner's allegations 'cannot be accepted as true because

they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); *see also Napier v. United States*, No. 93-5412, 1993 WL 406795, at *2 (6th Cir. Oct. 8, 1993) ("To be entitled to a hearing, the prisoner must set forth detailed factual allegations which, if true, would entitle him to relief under § 2255.") (citing, among authorities, *Machibroda v. United States*, 368 U.S. 487, 496, 82 S. Ct. 510, 7 L. Ed. 2d 473 (1962)); *cf. Valentine v. United States*, 488 F.3d 325, 334 (6th Cir. 2007) (finding that the burden is met where the petitioner "offers more than a mere assertion . . . he presents a factual narrative of the events that is neither contradicted by the record nor 'inherently incredible'"). Where (as here) the judge considering the § 2255 motion also presided over the sentencing hearing, the judge may rely on his or her recollections of those proceedings. *See Blanton v. United States*, 94 F.3d 227, 235 (6th Cir. 1996).

The Court finds that an evidentiary hearing is not warranted in the present case. The allegations offered in support of the present motion are either contradicted by the record, conclusively defaulted, or amount to vague conclusions that fail to demonstrate that Anderson is entitled to relief from his judgment.

III. DISCUSSION

A. *Batson* Challenge is Defaulted

The government argues that Anderson has procedurally defaulted her claims and cannot excuse the default or show prejudice. With respect to her *Batson* challenge, the government notes that it is clear from the record of *voir dire* that neither her counsel, nor the other two defense attorneys, objected to the racial composition of the jury. (Doc. No. 175 (Voir Dire Transcript ["Trial TR"]) at 2993-3173.) In *Batson v. Kentucky*, 476 U.S. 79, 96-98, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986), the Supreme Court held that the use of preemptory challenges to exclude persons from the petit jury based on their race or gender violates the Equal Protection Clause of the Fourteenth Amendment. To preserve a *Batson* issue for appellate review, a defendant must lodge an objection to the government's use of preemptory challenges "before the jury is sworn and the trial commences." *United States v. Tomlinson*, 764 F.3d 535, 537 (6th Cir. 2014). Anderson did not object to the jury's composition at any time before the jury returned its verdict and did not raise the issue on direct appeal.

Anderson concedes that she did not raise a *Batson* challenge at trial and that the record is devoid of any information regarding the racial composition of the jury.[2] Further, Anderson has failed to even articulate what her *Batson* claim entails. She does not identify any juror who was wrongly excused, nor does she explain how the jury's make-up prejudiced her case. She also

---

[2] Anderson suggests that, because the Court has the ability to conduct "*in camera*" proceedings, it can determine the jury's racial composition. (Reply at 3252.) The term "*in camera*" refers to a private proceeding in a judge's chambers—often involving the review of documents or other evidence without counsel or the parties—it does not refer to the use of cameras and other recording devices in the courtroom. The Court does not create video recordings of its proceedings. It also does not track the racial backgrounds of individuals called for jury duty. Even juror questionnaires, which do not contain such identifying information, are destroyed at the end of the trial. Accordingly, there is no way for the Court to reconstruct the racial composition of the jury.

fails—other than to insist that all doubts should be resolved in her favor—to offer any evidence that a constitutional violation relating to *voir dire* probably resulted in the conviction of one who is actually innocent. *See Blousley*, 523 U.S. at 622-23 (citing *Murray v. Carrier*, 477 U.S. 478, 495-96, 106 S. Ct. 2639, 91 L. Ed. 2d 397 (1986)).

In her reply brief, Anderson maintains that she discussed "the strikes that the parties made" with her attorney but that counsel elected to "present other issues for review." (Reply at 3252.) According to Anderson, "[t]his could, in fact, constitute 'ineffective assistance of counsel' in the fact that defendant Anderson would have [chosen] to have discussed the issue in detail with defense counsel, but, as stated, defense counsel chose to argue other issues." (*Id.*) It is unclear whether she is referring to trial or appellate counsel but, in any event, to the extent that Anderson is raising ineffective assistance of counsel for the first time in a reply brief, it is waived. *See Sanborn v. Parker*, 629 F.3d 554, 579 (6th Cir. 2010) ("We have consistently held, however, that arguments made to us for the first time in a reply brief are waived.); *Hunt v. Big Lots Stores, Inc.*, 244 F.R.D. 394, 397 (N.D. Ohio 2007) (argument raised for the first time in a reply brief is waived). Moreover, because she does not identify even a single juror who was wrongly excused, Anderson cannot establish that counsel's failure to object either constituted ineffectiveness or resulted in prejudice. *See Strickland v. Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). This claim is procedurally defaulted.

### B. Jury Instruction Claim is Defaulted

Anderson also defaulted on her jury instruction claim, as neither she nor her co-defendants objected to the conspiracy charge at trial or on appeal. Rather, the Court, without objection, used the Sixth Circuit Pattern Jury Instruction to instruct the jury regarding the conspiracy. (Doc. No. 104 (Trial Transcript ["Trial TR"]) at 2228-36.) Anderson's failure to raise this issue prior to her § 2255 motion, or otherwise demonstrate cause and prejudice or actual innocence necessary to excuse the failure, renders this claim procedurally defaulted. *See Frady*, 456 U.S. at 175 (defendant had "fallen short of meeting his burden" of demonstrating cause and prejudice to excuse his failure to object to jury instructions).[3]

### C. Other Matters Raised in Reply

In her reply brief, Anderson argues for the first time in these proceedings that the Court erred in its drug-quantity determination and erred at sentencing in its application of U.S.S.G. § 2D1.8. (Reply at 3254.) These issues are improperly raised in a reply brief. *Sanborn*, 629 F.3d at 579. Additionally, the Court notes that Anderson raised the drug-quantity determination issue on direct appeal. The Sixth Circuit found that the Court's determination was neither arbitrary, nor unreasonable. *See Fitzgerald*, 754 F. App'x at 368. "A § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances." *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996) (quotation marks and citation omitted). Anderson has pointed to no intervening change in the law or some other highly exceptional circumstance that would warrant revisiting this issue. *See id*. As for Anderson's guidelines argument, claims

---

[3] The Court declines Anderson's invitation to entertain the merits of her claim involving the jury instructions under a "plain error" standard. (Reply at 3252.) "Because it was intended for use on direct appeal . . . the 'plain error' standard is out of place when a prisoner launches a collateral attack against a criminal conviction after society's legitimate interest in the finality of the judgment has been perfected by the expiration of the time allowed for direct

based on alleged missteps in the application of the sentencing guidelines are not cognizable on collateral review. *See Porter v. United States*, Nos. 2:09-cr-31, 2:11-cv-311-RLJ-DHI, 2015 WL 1033881, at *5 (E.D. Tenn. Mar. 9, 2015) (collecting cases).

## IV. CONCLUSION

For the foregoing reasons, Anderson's motion to vacate, set aside, or correct her sentence (Doc. No. 186) is DENIED. Further, the Court CERTIFIES, pursuant to 28 U.S.C. § 2255(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: March 31, 2020

**HONORABLE SARA LIOI
UNITED STATES DISTRICT JUDGE**

---

review or by affirmance of the conviction on appeal." *Frady*, 456 U.S. at 164. Absent a proper showing of cause and prejudice, or actual innocence, the Court cannot reach the merits of this defaulted claim.